UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO JOSEPH,<br><br>　　　　Plaintiff,<br><br>CALIFORNIA PRISON INDUSTRY AUTHORITY, et al.,<br><br>　　　　Defendants. | No. 2:13-cv-0122 CKD P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to jurisdiction by United States Magistrate Judge.

I.　　In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to his prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee

1   is paid in full. 28 U.S.C. § 1915(b)(2).

2   II.     Screening of Plaintiff's Complaint

3   The court is required to screen complaints brought by prisoners seeking relief against a
4   governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
5   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
6   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
7   monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

8   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
9   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
10  Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
11  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
12  490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
13  pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
14  Cir. 1989); Franklin, 745 F.2d at 1227.

15  In order to avoid dismissal for failure to state a claim a complaint must contain more than
16  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
17  of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words,
18  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
19  statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim
20  upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A
21  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
22  the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct.
23  at 1949. When considering whether a complaint states a claim upon which relief can be granted,
24  the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),
25  and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes,
26  416 U.S. 232, 236 (1974).

27  Here, plaintiff alleges that he suffered a painful rash and burning sensation from using
28  soap which was negligently manufactured by Prison Industry Authority ("PIA") and issued to

1 indigent prisoners. (ECF No. 1 at 4-5.) On December 22, 2011, plaintiff was seen by a health
2 care provider and was prescribed a cream for the rash. (Id.) The soap plaintiff used was recalled
3 by PIA because it contained "too many chemicals." (Id. at 5.) Petitioner filed an inmate appeal
4 regarding the soap and his injuries; the appeal was reviewed at the second level by defendant J.
5 Leese, who failed to do his own investigation and denied the appeal citing ingredients from the
6 side of the box which were different from those in the soap actually provided to plaintiff. (Id. at
7 6.) Warden Lizarraga denied the appeal at the third level, reiterating the same response and
8 ignoring the medical documentation that plaintiff suffered a rash and a burn. (Id.)

9 It is well settled that negligent conduct does not violate the Eighth Amendment. See, e.g.,
10 Estate of Ford v. Ramirez–Palmer, 301 F.3d 1043, 1052 (quoting Farmer v. Brennan, 511 U.S.
11 825, 838, 114 S. Ct. 1970, 128 L.Ed.2d 811 (1994) ("negligence, or failure to avoid a significant
12 risk that should be perceived but wasn't, 'cannot be condemned as the infliction of
13 punishment.'"). In addition, the prison grievance procedure itself does not confer any substantive
14 rights upon inmates, and, therefore, actions in reviewing and denying inmate appeals cannot serve
15 as a basis for liability under section 1983. See Ramirez v. Galaza, 334 F.3d 805, 860 (9th Cir.
16 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also George v. Smith, 507 F.3d
17 605-609-10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not
18 cause or contribute to the violation"); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999)
19 (prison officials whose only roles involved the denial of the prisoner's administrative grievances
20 cannot be held liable under section 1983).

21 For these reasons, the allegations in plaintiff's complaint fail to state a claim upon which
22 relief can be granted against any named defendant. Moreover, it is clear that the deficiencies in
23 plaintiff's complaint cannot be cured by amendment. For these reasons, the action must be
24 dismissed for failure to state a claim upon which relief can be granted. See 28 U.S.C. §
25 1915(b)(1).

26 In accordance with the above, IT IS HEREBY ORDERED that:
27 1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 8) is GRANTED.
28 2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees

shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

    3. Plaintiff's motion for appointment of counsel (ECF No. 5.) is DENIED.

    4. This action is dismissed for failure to state a claim upon which relief may be granted.

Dated: June 4, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
jose.0122.14.new