UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO JOSEPH,<br><br>　　　　Plaintiff,<br><br>CALIFORNIA PRISON INDUSTRY AUTHORITY, et al.,<br><br>　　　　Defendants. | No.  2:13-cv-0122 CKD P<br><br>ORDER |

  Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint seeking relief pursuant to 42 U.S.C. § 1983.  Plaintiff alleged he suffered injuries from using soap that was negligently manufactured by Prison Industry Authority ("PIA"), issued to indigent prisoners, and eventually recalled. (ECF No. 1 at 4-5.)  On June 4, 2013, the court dismissed plaintiff's complaint without leave to amend, finding that the deficiencies could not be cured by amendment.  (ECF No. 9.)  Plaintiff has filed a motion to amend the complaint.  (ECF No. 12.)

  Plaintiff's motion to amend is construed as a timely filed motion for relief from final judgment or order pursuant to Rule 60(b).  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

 (1) Mistake, inadvertence, surprise, or excusable neglect;

 (2) Newly discovered evidence that, with reasonable diligence, could not have been
   discovered in time to move for a new trial under Rule 59(b)

1

....

(6)  Any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1), (2), (6).  "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the … court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted).  "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation ..." of that which was already considered by the Court in rendering its decision. United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D.Cal.2001).  Upon reconsideration, plaintiff's motion for relief from the judgment or order will be denied for the reasons that follow.

    Section 1983 provides a cause of action for the violation of constitutional or other federal rights by those acting under color of state law.  E.g., Patel v. Kent School Dist., 648 F.3d 965, 971 (9th Cir. 2011); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  The Eighth Amendment prohibits cruel and unusual punishment, but "only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment. Whitley v. Albers, 475 U.S. 312, 319 (1986).  To establish an Eighth Amendment condition of confinement claim, the plaintiff must satisfy the following two components: (1) the objective component, meaning that the prison official's act or omission was "sufficiently serious" to pose a substantial risk of serious harm; and (2) the subjective component, meaning that the prison official acted with a "sufficiently culpable state of mind" or "deliberate indifference" regarding the condition of confinement at issue. Farmer v. Brennan, 511 U.S. 824, 834 (1994); Hudson v. McMillan, 503 U.S. 1, 8 (1992).

    A prisoner may state a cause of action under the Eight Amendment by alleging that prison officials have, with deliberate indifference, exposed him to environmental conditions that pose an unreasonable risk of serious harm to the plaintiff. Farmer, 511 U.S. at 847.  Here, however, the allegations in plaintiff's complaint do not support a claim for a violation of plaintiff's constitutional rights.  Even if the soap plaintiff used posed an excessive risk of "serious damage to plaintiff's future health," plaintiff does not allege that any defendant did anything which could

be considered "deliberately indifferent." Rather, plaintiff alleges that the soap was recalled by PIA. In other words, plaintiff's complaint shows that defendants did not ignore a possible threat to safety, but rather, acted to remove the soap from use.

As stated in the June 4, 2013 order, it is well settled that negligent conduct does not violate the Eighth Amendment. See, e.g., Estate of Ford v. Ramirez–Palmer, 301 F.3d 1043, 1052 (quoting Farmer v. Brennan, 511 U.S. 825, 838, 114 S. Ct. 1970, 128 L.Ed.2d 811 (1994) ("negligence, or failure to avoid a significant risk that should be perceived but wasn't, 'cannot be condemned as the infliction of punishment.'") While leave to amend shall be freely granted, the court does not have to allow futile amendments. Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983); see also California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to amend include... futility."). Plaintiff's complaint was dismissed without leave to amend because the deficiencies in his complaint cannot be cured by amendment. See Bolden v. California Dept. of Corrections and Rehabilitation, 2012 WL 5838993 (E.D.Cal. November 15, 2012) (dismissing complaint without leave to amend on the basis that amendment would be futile where plaintiff alleged mental anguish as a result of using negligently manufactured soap containing a trace chemical issued by PIA); Brooks v. Perkins, 2013 WL 1705005, *4 n.3 (E.D.Cal. April 19, 2013) (prisoner's allegations concerning PIA's Barz & Bitz Bar Soap failed to state a cognizable civil rights claim).

Plaintiff's pending motion does not provide any newly discovered evidence or any other reason that justifies relief from the final order. His motion is therefore insufficient to support reconsideration of the dismissal of the action or of the court's prior finding that the allegations of his complaint cannot be cured by amendment. See Towler v. California Dep't of Corrections and Rehabilitation, 2013 WL 2991135 *2 (E.D.Cal. June 14, 2013) (denying motion for reconsideration of dismissal of inmate's complaint alleging that the California Department of Corrections and Rehabilitation's PIA negligently issued prison soap containing a trace chemical where the plaintiff presented no new evidence demonstrating a basis for reconsideration).

////

1  In accordance with the above, IT IS HEREBY ORDERED that plaintiff's motion to
2  amend, construed herein as a motion for relief from judgment (ECF No. 13) is DENIED.
3  Dated: June 20, 2013

   _____
   CAROLYN K. DELANEY
   UNITED STATES MAGISTRATE JUDGE

8
jose.0122.60b