UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO JOSEPH,<br><br>　　　　　Plaintiff,<br><br>CALIFORNIA PRISON INDUSTRY AUTHORITY, et al.,<br><br>　　　　　Defendants. | No.  2:13-cv-0122 CKD P<br><br>ORDER |

　　　　Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint seeking relief pursuant to 42 U.S.C. § 1983.  Plaintiff alleged he suffered injuries from using soap that was negligently manufactured by Prison Industry Authority ("PIA"), issued to indigent prisoners, and eventually recalled.  (ECF No. 1 at 4-5.)  On June 4, 2013, the court dismissed plaintiff's complaint without leave to amend, finding that the deficiencies could not be cured by amendment.  (ECF No. 9.)  Plaintiff has filed a motion to amend the complaint.  (ECF No. 12.)

　　　　Plaintiff's motion to amend is construed as a timely filed motion for relief from final judgment or order pursuant to Rule 60(b).  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

　　(1) Mistake, inadvertence, surprise, or excusable neglect;

　　(2) Newly discovered evidence that, with reasonable diligence, could not have been
　　　　discovered in time to move for a new trial under Rule 59(b)

1

1 ….

2     (6) Any other reason that justifies relief.

3 Fed. R. Civ. P. 60(b)(1), (2), (6). "A motion for reconsideration should not be granted, absent
4 highly unusual circumstances, unless the … court is presented with newly discovered evidence,
5 committed clear error, or if there is an intervening change in the controlling law." Marlyn
6 Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal
7 quotations marks and citations omitted). "A party seeking reconsideration must show more than a
8 disagreement with the Court's decision, and recapitulation ..." of that which was already
9 considered by the Court in rendering its decision. United States v. Westlands Water Dist., 134
10 F.Supp.2d 1111, 1131 (E.D.Cal.2001). Upon reconsideration, plaintiff's motion for relief from
11 the judgment or order will be denied for the reasons that follow.

12     Section 1983 provides a cause of action for the violation of constitutional or other federal
13 rights by those acting under color of state law. E.g., Patel v. Kent School Dist., 648 F.3d 965,
14 971 (9th Cir. 2011); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Eighth
15 Amendment prohibits cruel and unusual punishment, but "only the unnecessary and wanton
16 infliction of pain constitutes cruel and unusual punishment. Whitley v. Albers, 475 U.S. 312, 319
17 (1986). To establish an Eighth Amendment condition of confinement claim, the plaintiff must
18 satisfy the following two components: (1) the objective component, meaning that the prison
19 official's act or omission was "sufficiently serious" to pose a substantial risk of serious harm; and
20 (2) the subjective component, meaning that the prison official acted with a "sufficiently culpable
21 state of mind" or "deliberate indifference" regarding the condition of confinement at issue.
22 Farmer v. Brennan, 511 U .S. 824, 834 (1994); Hudson v. McMillan, 503 U.S. 1, 8 (1992).

23     A prisoner may state a cause of action under the Eight Amendment by alleging that prison
24 officials have, with deliberate indifference, exposed him to environmental conditions that pose an
25 unreasonable risk of serious harm to the plaintiff. Farmer, 511 U.S. at 847. Here, however, the
26 allegations in plaintiff's complaint do not support a claim for a violation of plaintiff's
27 constitutional rights. Even if the soap plaintiff used posed an excessive risk of "serious damage
28 to plaintiff's future health," plaintiff does not allege that any defendant did anything which could

1  be considered "deliberately indifferent."  Rather, plaintiff alleges that the soap was recalled by
2  PIA.  In other words, plaintiff's complaint shows that defendants did not ignore a possible threat
3  to safety, but rather, acted to remove the soap from use.
4        As stated in the June 4, 2013 order, it is well settled that negligent conduct does not
5  violate the Eighth Amendment.  See, e.g., Estate of Ford v. Ramirez–Palmer, 301 F.3d 1043,
6  1052 (quoting Farmer v. Brennan, 511 U.S. 825, 838, 114 S. Ct. 1970, 128 L.Ed.2d 811 (1994)
7  ("negligence, or failure to avoid a significant risk that should be perceived but wasn't, 'cannot be
8  condemned as the infliction of punishment.'")  While leave to amend shall be freely granted, the
9  court does not have to allow futile amendments.  Klamath-Lake Pharm. Ass'n v. Klamath Med.
10 Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983); see also California Architectural Bldg. Prod.
11 v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to
12 amend include... futility.").  Plaintiff's complaint was dismissed without leave to amend because
13 the deficiencies in his complaint cannot be cured by amendment.  See Bolden v. California Dept.
14 of Corrections and Rehabilitation, 2012 WL 5838993 (E.D.Cal. November 15, 2012) (dismissing
15 complaint without leave to amend on the basis that amendment would be futile where plaintiff
16 alleged mental anguish as a result of using negligently manufactured soap containing a trace
17 chemical issued by PIA); Brooks v. Perkins, 2013 WL 1705005, *4 n.3 (E.D.Cal. April 19, 2013
18 (prisoner's allegations concerning PIA's Barz & Bitz Bar Soap failed to state a cognizable civil
19 rights claim).
20        Plaintiff's pending motion does not provide any newly discovered evidence or any other
21 reason that justifies relief from the final order.  His motion is therefore insufficient to support
22 reconsideration of the dismissal of the action or of the court's prior finding that the allegations of
23 his complaint cannot be cured by amendment.  See Towler v. California Dep't of Corrections and
24 Rehabilitation, 2013 WL 2991135 *2 (E.D.Cal. June 14, 2013) (denying motion for
25 reconsideration of dismissal of inmate's complaint alleging that the California Department of
26 Corrections and Rehabilitation's PIA negligently issued prison soap containing a trace chemical
27 where the plaintiff presented no new evidence demonstrating a basis for reconsideration).
28 ////

1  In accordance with the above, IT IS HEREBY ORDERED that plaintiff's motion to
2  amend, construed herein as a motion for relief from judgment (ECF No. 13) is DENIED.
3  Dated: June 20, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
jose.0122.60b